**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gregory, | No. 03-CV-397-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court are Plaintiff Robert Gregory's motion for summary judgment and Defendant Jo Anne B. Barnhart's (the Commissioner) motion to remand.

On November 23, 2004, United States Magistrate Judge James C. Carruth issued a Report and Recommendation in which he recommended that the Court grant the Commissioner's motion for remand and partially grant the motion for summary judgment.

Gregory filed timely objections to the Report and Recommendation. The Commissioner did not file a response.

**Background**

Gregory filed a claim for Social Security disability benefits on June 27, 2000, alleging that his disability, based on his bipolar disorder, began on February 25, 2000.[1] [Record of Proceedings (ROP) 87, 98]

---

[1] Gregory was previously considered disabled from May 1, 1988 until July 12, 1993, based, in part, on his bipolar disorder. [Record of Proceedings (ROP) 55, 57]

1    Administrative Law Judge Norman R. Buls (the ALJ) issued a decision on November 8, 2001, in which he applied the Social Security Administration's five-step sequential evaluation process and determined, at step four, that Gregory was not disabled at any time from February 25, 2000, through November 8, 2001. [ROP 15-20]

In determining Gregory's residual functioning capacity, the ALJ gave "significant weight" to the consulting physician's opinion, and found that it was consistent with the medical record as a whole. [ROP 18] The ALJ also found Gregory's "allegations of disabling limitations [were] not credible to the extent alleged." [ROP 18] The ALJ concluded that: (1) Gregory had not engaged in substantial gainful activity since February 25, 2000; (2) Gregory had severe bipolar disorder, (3) his bipolar disorder did not equal the impairments in the Listing of Impairments; and (4) his bipolar disorder did not prevent him from performing his past relevant work as a telemarketer. [ROP 19-20]

In December 2001, Gregory filed a request for review of the ALJ's decision with the Social Security Administration's Office of Hearings and Appeals (the Appeals Council). [ROP 10-11]

In January 2002, while his request for review was pending before the Appeals Council, Gregory filed a second application for benefits. According to the Commissioner, "[o]n May of 2002, the Agency issued a favorable finding of disability with an onset date of November 9, 2001. The Commissioner noted that the award of benefits was based on Plaintiff's mood disorder."[2] [U.S.D.C. document #15 at 3.]

On May 28, 2003, the Appeals Council denied Gregory's request for review. [ROP 5]

**The Pending Motions**

In his motion for summary judgment, Gregory argues that the ALJ disregarded the opinions and conclusions of Gregory's treating psychiatrist and, instead, accorded significant

---

[2]The parties did not present the Court with complete information regarding the subsequent decision.

- 2 -

1  weight to the opinions of a non-treating, non-examining physician. He contends that the non-
2  examining, non-treating physician's opinion was not consistent with other evidence in the
3  record. Gregory asserts that the ALJ failed to consider whether Gregory met the
4  requirements of listed impairment 12.04(3). Gregory also argues that the ALJ did not have
5  clear and convincing reasons for rejecting his testimony. Gregory contends that the Court
6  should credit his and his treating psychiatrist's testimony as a matter of law and award him
7  benefits.

8  In her motion to remand, the Commissioner requests that the Court remand the current
9  case so she can "conduct additional administrative proceedings, including resolving the
10 discrepant conclusions of the Appeals Council and the State Agency regarding the
11 appropriate evaluation of Plaintiff's mental impairments." The Commissioner also argues
12 that summary judgment is inappropriate because the record has not been fully developed and
13 there are outstanding issues that must be resolved. And the Commissioner contends that
14 remand for an immediate payment of benefits is not appropriate because the ALJ properly
15 analyzed Gregory's impairments, resolved conflicts in the medical testimony, and analyzed
16 the evidence before him.

17 In his response to the motion to remand, Gregory states that he opposes a remand
18 because the Court "does not have the jurisdiction to make a determination or remand for a
19 determination regarding the **subsequent** favorable disability determination." He also argues
20 that there are no outstanding issues remaining, the record has been fully developed, and
21 further administrative proceedings would serve no useful purpose. Gregory requests that the
22 Court reverse the ALJ's decision and remand for the payment of benefits. Alternatively,
23 Gregory request that the Court limit the issue on remand to Gregory's entitlement to benefits
24 between February 25, 2000, and January 30, 2002. And, if the case is remanded, Gregory
25 requests that it be remanded to the Hearing Office Chief Administrative Law Judge, rather
26 than the ALJ who issued the November 8, 2001 decision.

27
28

**The Report and Recommendation**

Magistrate Judge Carruth recommended that the Court grant the motion to remand "with the understanding that expert medical opinions and supporting clinical data from additional proceedings may be submitted to supplement the evidence on this application concerning the period between February 25, 2000 and January 30, 2002 only." Magistrate Judge Carruth also recommended that the Court partially grant the motion for summary judgment on the issue of the lack of substantial evidence to resolve conflicts in the expert medical opinions because the "[i]t does appear that the ALJ did not have a complete medical record before him when he attempted to resolve conflicts . . . , specifically lacking in medical opinions backed with sufficient supporting clinical data." Magistrate Judge Carruth concluded that "[a]ll relevant and available medical evaluations and opinions were not made available to the ALJ to render his decision and consequently the ALJ's decision may not be affirmed on that issue."

In his objections to Magistrate Judge Carruth's Report and Recommendation, Gregory argues that remand for further administrative proceedings is unnecessary because the existing administrative record clearly establishes that he was disabled from February 25, 2000, to January 30, 2002. Gregory also objects to the fact that Magistrate Judge Carruth did not grant any relief on Gregory's claim that the ALJ erred in his findings regarding Gregory's credibility.

**Discussion**

Because Gregory filed timely objections to Magistrate Judge Carruth's Report and Recommendation, the Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court has independently and carefully reviewed the record in this case, the motions and responses, the relevant case law, the Report and Recommendation, and Gregory's objections to the Report and Recommendation. The Court agrees with Magistrate Judge Carruth that the case should be remanded to reconsider Gregory's disability in light of the subsequent decision to award benefits based on the same disability.

1    Although Gregory has cited *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), in
2 support of his claim that "a subsequent grant of benefits does not affect a prior application
3 on appeal," the Court finds *Bruton* distinguishable. In *Bruton*, the *claimant* sought review
4 of the district court's denial of his motion to remand an initial benefits denial in light of a
5 subsequent benefits award. 268 F.3d at 826-27. The Court of Appeals upheld the district
6 court's decision, concluding that the benefits denial and award were not inconsistent because
7 the two applications "involved different medical evidence, a different time period, and a
8 different age classification." *Id.* at 827.

9    In contrast to *Bruton*, it is the *Commissioner* here who is seeking the remand in order
10 to reconcile the two conflicting decisions. In addition, it appears that the disability onset date
11 in the second application was the day after the ALJ's initial denial and based on the same
12 medical condition. Therefore, it appears that the subsequent decision was based on the same
13 medical condition, the same age classification, and the same time period.

14   The Court finds this case more similar to *Reichard v. Barnhart*, 285 F. Supp. 2d 728
15 (S.D.W. Va. 2003). In that case, the district court cited to the Commissioner's December 30,
16 1999 policy, SSA-EM-99147, which addresses situations like Gregory's, where a claimant
17 has an application pending before the Appeals Council, files a subsequent application for
18 benefits, and the subsequent application is granted while the appeal of the initial claim is
19 pending. 285 F. Supp. 2d at 730 n.3. The policy provides that "the subsequent claim will
20 be sent to the [Appeals Council] to determine if it contains new and material evidence
21 relating to the period that was before the ALJ on the prior claim." *Id.* (quoting SSA-EM-
22 99147 at ¶2). In *Reichard*, the district court found the administrative law judge's
23 "[subsequent] decision finding disability commencing less than a week after he first
24 pronounced that Claimant was not disabled is new and material evidence" that "begs the
25 question whether Claimant was actually disabled before that[,] during the period of time
26 relevant to consideration of Claimant's first application." *Id.* at 734.

27   The Court finds that remand is appropriate so the Commissioner can determine
28 whether the subsequent claim contains new and material evidence relating to the time period

that the ALJ was evaluating and can reconsider the decision to deny benefits to Gregory. Pursuant to its own policy, the Appeals Council should have done this *before* denying Gregory's request for review, but apparently did not.[3] The Court agrees with Gregory and Magistrate Judge Carruth that the remand should be limited to reconsideration of the initial decision denying benefits, not the subsequent decision granting benefits.

Gregory has requested that the matter be remanded to the Hearing Office Chief Administrative Law Judge, rather than the ALJ who issued the November 8, 2001 decision. But 20 C.F.R. § 404.983 states:

> When a Federal Court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision.

Thus, it would be inappropriate for the Court to remand the case to the Hearing Office Chief Administrative Law Judge.

Gregory and Magistrate Judge Carruth refer to the period from February 25, 2000, to January 30, 2002, as the relevant period for a possible benefits award on remand. Although Gregory initially sought disability benefits from February 25, 2000, he later amended his date of disability onset to September 7, 2000. [ROP 84]   Thus, the relevant period is from *September 7*, 2000 to January 30, 2002.

Because the Court is remanding the case for reconsideration, the Commissioner will have the opportunity to consider additional evidence from the subsequent application and address the issues Gregory has raised in the motion for summary judgment. Thus, the Court

---

[3]The Appeals Council considered as additional evidence an August 15, 2002 memorandum from Gregory's attorney, and a June 7, 2002 letter from Gregory's treating psychiatrist. [ROP 8]  Although Gregory's attorney noted the subsequent decision in the August 15 memorandum and indicated that the Notice of Award was attached to the memorandum, [ROP 246], neither the subsequent application, the related medical records, the Notice of Award, nor any information relating to the subsequent decision are included in the Record of Proceedings.  In addition, the Appeals Council's denial does not mention the subsequent decision.

- 6 -

will deny Gregory's motion for summary judgment without prejudice as moot. Accordingly, the Court will not adopt Magistrate Judge Carruth's recommendation that the Court partially grant the motion for summary judgment.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that United States Magistrate Judge James C. Carruth's November 23, 2004 Report and Recommendation (U.S.D.C. document #19) is **ADOPTED IN PART as applied to the motion to remand and NOT ADOPTED IN PART as applied to the motion for summary judgment**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Remand (U.S.D.C. document #15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (U.S.D.C. document #6) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner of Social Security for reconsideration of the initial benefits decision (for benefits between September 7, 2000 and January 30, 2002) in light of the subsequent decision. This matter **is not** remanded for reconsideration of the subsequent decision awarding benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED this 26th day of September, 2005.

FRANK R. ZAPATA
United States District Judge